**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 99-cr-00120-REB

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

GARY DeWILLIAMS,

    Defendant-Movant.

---

**ORDER DENYING MOTION FOR CERTIFICATE OF APPEALABILITY**

---

**Blackburn, J.**

This matter is before me on the defendant's **Motion for Certificate of Appealability** [#458][1] filed September 4, 2013. I deny the motion.

The defendant, Gary DeWilliams, is acting *pro se*. Therefore, I construe his filings generously and with the leniency due pro se litigants, see **Erickson v. Pardus**, 551 U.S. 89, 94 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Belmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972)).

Mr. DeWilliams seeks a certificate of appealability concerning my order [#447] denying his motion [#429] for relief under FED. R. CIV. P. 60(b). My order was filed August 9, 2013. In that order [#447], I concluded that Mr. DeWilliams' motion [#429] can be seen as either a request that this court vacate the February 27, 2009, order

---

[1] "[#458]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[#415] of the United States Court of Appeals for the Tenth Circuit, in which the Tenth Circuit denied Mr. DeWilliams' request for a certificate of appealability, or a successive motion under § 2255. I denied Mr. DeWilliams' Rule 60(b) motion because, no matter how the motion is read, this court lacks jurisdiction. Mr. DeWilliams seeks the issuance of a certificate of appealability concerning my order [#447].

Under 28 U.S.C. § 2253(c)(1), an appeal may not be taken from a "final order in a proceeding under § 2255" absent the issuance of a certificate of appealability. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." § 2255(c)(2). My order [#447] is not a final order in a proceeding under § 2255. A final order on Mr. DeWilliams' motion under § 2255 was issued long ago. Even if my order [#447] is viewed as a final order in a proceeding under § 2255, I find and conclude that it is not proper to issue a certificate of appealability. In his motion [#429] and reply [#442], Mr. DeWilliams did not make a substantial showing of the denial of a constitutional right.

**THEREFORE, IT IS ORDERED** that the defendant's **Motion for Certificate of Appealability** [#458] filed September 4, 2013, is **DENIED**.

Dated September 13, 2013, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge